UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-96-RLV
(5:04-cr-37-RLV-DCK-1)

| | |
|---|---|
| JOSEPH RICHARD GREENE, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, Petitioner's motion to vacate will be denied, and the Section 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

On November 19, 2004, Petitioner pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 5:04-cr-37, Doc. No. 15: Entry & Acceptance of Guilty Plea). Because Petitioner had at least three prior violent felony convictions, his conviction under § 922(g)(1) triggered a mandatory minimum sentence of fifteen years in prison under the Armed Career Criminal Act.[1] See 18 U.S.C. § 924(e). Specifically, at the time of his conviction, Petitioner had a pair of 1977 convictions for breaking and entering, a 1997 conviction for breaking and entering, and a 1998

---

[1] The Presentence Investigation Report is not attached to the pleadings in this case. Therefore, the Court is relying on representations in the Government's pleadings regarding Petitioner's prior convictions.

1

conviction for common law robbery—all in various North Carolina Superior Courts. (Presentence Investigation Report at 6-12).

In preparation for sentencing, the probation officer calculated a guidelines range of 188 to 235 months in prison based on a total offense level of 31 and a criminal history category of VI. (Id. at 22). In calculating the guidelines range, the probation officer determined that because Petitioner was subject to an enhanced sentence under § 924(e), he also qualified as a career offender under § 4B1.1 of the guidelines. (Id. at 10). At sentencing, this Court adopted the presentence report and sentenced Petitioner to 188 months in prison. (Id., Doc. No. 24: Judgment). This Court entered judgment on August 29, 2005, and Petitioner did not appeal.

Petitioner placed the motion to vacate in the prison mail system on or around July 10, 2012, and it was stamp-filed in this Court on July 16, 2012. See (Doc. No. 1 at 6). In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On November 25, 2013, this Court ordered the Government to respond and, after receiving an extension of time, the Government filed its brief in response on January 31, 2014. (Doc. Nos. 2; 6).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A.     Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, Petitioner's judgment became final when his time for filing a notice of appeal expired ten days after this Court entered judgment on August 29, 2005. FED. R. APP. P. 4 (2006). Petitioner's motion, filed nearly seven years later, is untimely under § 2255(f)(1), and neither of the other subsections applies to render the petition timely.[2] Furthermore, Petitioner has not presented sufficient grounds for the Court to apply equitable tolling.

**IV.    CONCLUSION**

In sum, for the reasons stated herein, Petitioner's § 2255 motion is untimely, and the

---

[2] The Government also contends that, even if Petitioner's petition were timely, he is not entitled to Simmons relief because he has three qualifying, prior convictions, as set forth in the presentence investigation report—namely, ten years in prison for a 1977 breaking and entering conviction, three to five years for a second 1977 breaking and entering conviction, and sixteen to twenty months in prison for a 1997 common law robbery conviction. See (PSR at 10-12).

petition will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 24, 2014

Richard L. Voorhees
United States District Judge